IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER V. FLORIDA, SR.,** | § § § | |
| Plaintiff | § § | |
| vs. | § § | Civil Action No. 6:18-cv-00317 |
| **NAES CORPORATION a/k/a AMERICAN ENERGY SERVICES COMPANY,** | § § § § | |
| Defendant. | § § | |

### DEFENDANT'S NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant NAES Corporation ("Defendant") files this Notice of Removal, giving notice that it is removing this civil action to the United States District Court for the Western District of Texas, Waco Division, based on federal question jurisdiction and diversity jurisdiction. In support of this Notice of Removal, Defendant shows:

### I.
### BACKGROUND

1. On September 20, 2018, Plaintiff Christopher Florida ("Plaintiff") filed this civil action, Cause No. 18-09-20660-CV, in the 82nd Judicial District Court of Robertson County, Texas.

2. On September 24, 2018, Defendant was served with Plaintiff's Original Petition. *See* Exhibit 1.[1] On October 1, 2018, Plaintiff amended his petition. *See* Exhibit 2. On October 12, 2018, Defendant filed its Original Answer and Affirmative Defenses. *See* Exhibit 3. A copy

---

[1] In accordance with 28 U.S.C. § 1446(a), attached hereto as Exhibits 1-5 are true and correct copies of all process, pleadings, and orders served upon Defendant in the state court proceeding, as well as a copy of the state court docket sheet.

**DEFENDANT'S NOTICE OF REMOVAL – Page 1**

of the docket sheet in the state court case is attached hereto. *See* Exhibit 4. True and correct copies of the request for process, citation and affidavit of service are attached as Exhibit 5. Defendant is the only Defendant sued and served with Plaintiff's Original Petition and Plaintiff's First Amended Original Petition. Therefore, all defendants named and served consent to removal.

3. In this lawsuit, Plaintiff brings claims of disability retaliation arising under the Texas Labor Code and the Americans with Disabilities Act. Plaintiff seeks monetary relief of an unspecified amount, including economic damages, non-pecuniary damages, punitive damages, attorneys' fees, and court costs. *See* Exhibit 2 ¶¶ 14; 16-17. Plaintiff also seeks injunctive relief. S*ee* Exhibit 2 ¶ 18.

## II.
## JURISDICTIONAL ALLEGATIONS

**A.     Federal Question Jurisdiction**

4. This Court has subject matter jurisdiction in this case based upon federal question jurisdiction. 28 U.S.C. § 1331. Federal question jurisdiction exists in a civil matter when a cause of action arises under the laws of the United States. That requirement is met in this case.

5. A defendant may remove to federal court any civil action that could have been brought in federal court. *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). A claim may be brought in federal court—that is, a federal court has original federal question jurisdiction—if the case "arises under" the laws of the United States. *See* 28 U.S.C. 1331. When federal law creates a private right of action and furnishes the substantive rules of decision, the claim arises under federal law, and district courts have federal question jurisdiction under 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378-379 (2012).

6. Plaintiff alleges Defendant unlawfully retaliated against him under the ADA.

Because the ADA is a federal statute that expressly provides for original jurisdiction in federal court, Plaintiff's ADA claim irrefutably arises under federal law. *See Taylor v. Principal Fin. Group,* 93 F.3d 155, 161 (5th Cir. 1996) (ADA action was removable from state to federal court). Consequently, this Court has original federal question jurisdiction entitling Defendant to remove this case to federal court pursuant to 28 U.S.C. § 1331 and 1441.

B.     **Diversity Jurisdiction**

7.     This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the dispute is between citizens of different states. Both requirements are met in this case.

8.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs. A defendant may show that the amount in controversy exceeds $75,000 by demonstrating that it is "facially apparent" that Plaintiff's claimed damages are likely greater than $75,000. Here, Plaintiff seeks monetary relief of an unspecified amount, including economic damages, non-pecuniary damages, punitive damages, attorneys' fees, and court costs. *See* Exhibit 2 ¶¶ 14; 16-17. These allegations alone demonstrate that Plaintiff's claimed damages exceed the amount in controversy requirement. *See, e.g., Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995) (noting that a request for punitive damages in itself may, under certain circumstances support a finding that it is "facially apparent" the amount in controversy exceeds the threshold amount); *Lewis v. State Farm Lloyds*, 205 F.Supp.2d 706, 708 (S.D. Tex. 2002) ("easily" finding it facially apparent that plaintiff's claimed damages, which included mental anguish, exemplary damages, attorneys' fees, and other statutory and common law damages, were "far in excess" of $75,000.00).

9. Plaintiff is a citizen of Texas. *See* Exhibit 2, ¶2. NAES is a Washington Corporation, with its principle place of business located in Issaquah, Washington, where its executive, operational, and administrative offices are located. *See* Exhibit 6, Declaration of David Miner, ¶ 3; *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, there is complete diversity of citizenship between Plaintiff and Defendant.

### III.
### PROCEDURAL ALLEGATIONS

7. The Western District of Texas, Waco Division, is the federal district and division that embraces the District Court of Robertson County, Texas. *See* 28 U.S.C. § 124(d)(3). Defendant files this Notice of Removal within 30 days of having been served with Plaintiff's Original Petition. Therefore, removal is timely and proper under 28 U.S.C. §§ 1441(a) and (b) and 1446.

8. Defendant will give prompt written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of the Notice of Filing Notice of Removal with the 82nd Judicial District Court of Robertson County, Texas.[2]

### IV.
### PRAYER FOR RELIEF

9. Defendant NAES Corporation respectfully requests this action be removed from the District Court of Robertson County, Texas, to the United States District Court for the Western District of Texas, Waco Division.

---

[2] *See* 28 U.S.C. § 1446(d)(3).

**DEFENDANT'S NOTICE OF REMOVAL – Page 4**

Dated: October 23, 2018

Respectfully submitted,

/s/ Darren G. Gibson
Darren G. Gibson
Texas State Bar No. 24068846
dgibson@littler.com
Andrew R. Gray
Texas State Bar No. 24106023
argray@littler.com
LITTLER MENDELSON, P.C.
100 Congress Ave.
Suite 1400
Austin, TX 78701
Tel: 512-982-7250

ATTORNEYS FOR DEFENDANT
NAES CORPORATION

## CERTIFICATE OF SERVICE

On the 23rd day of October 2018, I electronically submitted the foregoing document with the Clerk of the Court using the Electronic Case Filing system of the Court. I hereby certify that I have served all parties of record electronically and via U.S. First Class Mail, as follows:

Danny C. Wash
WASH & THOMAS
Attorneys at Law
6613 Sanger Ave.
Waco, Texas 76710

/s/ Darren G. Gibson
Darren G. Gibson
Andrew R. Gray

FIRMWIDE:158728237.1 079429.1053

**DEFENDANT'S NOTICE OF REMOVAL** – Page 5